950 F.2d 731
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Samuel A. LIFSCHITZ, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3420.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1991.
 
 Before ARCHER, PLAGER and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner, Samuel A. Lifschitz, seeks review of a Merit Systems Protection Board (MSPB or board) decision dated May 30, 1991, Docket No. NY04329110125, dismissing his appeal as untimely filed. We affirm.
 
 
 2
 Petitioner was removed from the position of Contract Administrator, effective September 19, 1990. In the agency's decision letter, petitioner was advised that he could appeal the removal to the MSPB or grieve it under the negotiated grievance procedure. Petitioner acknowledged receipt of this letter on September 14, 1990. Thereafter, on December 11, 1990, he filed an appeal to the MSPB.
 
 
 3
 Because his appeal appeared to be untimely, the administrative judge (AJ) issued an order instructing the petitioner to file evidence and argument showing that his appeal was timely filed or that good cause existed for the delay. Petitioner responded by stating that he attempted to challenge his removal under the negotiated grievance procedure but that he was misinformed by certain agency personnel with regard to his rights to challenge his removal.
 
 
 4
 The AJ found that the agency had informed petitioner of his appeal rights in its decision letter, and that he had failed to show any circumstance beyond his control affecting his ability to comply with the time limit for appeal. Therefore, the AJ dismissed the petition as untimely filed. The board affirmed the AJ's decision and, in doing so, considered and rejected petitioner's charges that the AJ was biased against him.
 
 
 5
 In this appeal, petitioner again argues that the AJ was biased, and that agency officials prevented him from filing grievance procedures. Our scope of review of MSPB decisions is limited. We are required to affirm the board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 6
 Under this standard of review, petitioner has not shown that the board's determination that the AJ was unbiased should be reversed. As to the timeliness of petitioner's appeal to the board, the AJ specifically found that petitioner was informed of his appeal rights and was given the name of the agency representative he should contact regarding the procedures, but that petitioner did not seek advice from the agency representative. The decision on this issue was carefully reasoned and supported by substantial evidence. It is not subject to reversal by this court.
 
 
 7
 Accordingly, we affirm the board's decision to dismiss petitioner's appeal as untimely filed.